IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
June 19, 2001 Session

## STATE OF TENNESSEE v. DONALD W. RHEA, JR.

**Direct Appeal from the Criminal Court for Davidson County**
**No. 99-C-2233     J. Randall Wyatt, Jr., Judge**

---

**No. M2000-02299-CCA-R3-CD - Filed July 27, 2001**

---

The Appellant, Donald W. Rhea, Jr. was indicted on one count of aggravated robbery and one count of attempted aggravated robbery stemming from a single criminal episode. Pursuant to a plea agreement, Rhea pled guilty to the lesser offenses of robbery and attempt to commit robbery. Following a sentencing hearing, the Davidson County Criminal Court sentenced Rhea to the maximum sentence of six years for robbery and three years for attempted robbery. The court, finding Rhea's history of criminal activity extensive, further ordered that these sentences be served consecutively, for an effective sentence of nine years in the Department of Correction. Rhea appeals to this court, contending that the trial court erred in ordering consecutive sentences. After review of the record, we affirm.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed.**

DAVID G. HAYES, J., delivered the opinion of the court, in which THOMAS T. WOODALL, J. and L. T. LAFFERTY, SR.J., joined.

Michael J. Flanagan, Nashville, Tennessee, for the Appellant, Donald W. Rhea, Jr.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; Elizabeth B. Marney, Assistant Attorney General; Dan Hamm, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

### Factual Background

The facts at the sentencing hearing established that in July 1999, fourteen-year-old Trad Staecker, accompanied by his mother, Deborah, attended a late night movie. Enroute home, Mrs. Staecker stopped at a service station to purchase gasoline. As Trad Staecker pumped the gasoline, he noticed the Appellant rummaging through a blue car that was parked behind their own vehicle

on the service station premises. The Appellant approached the Staeckers and asked for a cigarette. When the Staeckers informed the Appellant that they did not smoke, the Appellant demanded money. Mrs. Staecker replied that she only had a checkbook. The Appellant then became violent and threatened to "blow up the F—ing car." Mrs. Staecker stated that she was going to call the police. The Appellant replied, "Oh, you can't do a damn thing about it. You don't know who I am. The police can't do a goddamn thing about it."

Trad Staecker went toward the gas station in an attempt to get help. However, the station attendant had locked all of the doors, preventing Trad from entering the station. Nonetheless, Trad continued to shout for the attendant to call the police. Meanwhile, Mrs. Staecker was attempting to obtain the license plate number from the Appellant's vehicle. The Appellant attacked Mrs. Staecker, knocking her to the ground. He then took her checkbook and began choking her. When Trad became aware of his mother's situation, he immediately returned to confront her attacker. The Appellant warned Trad that "he had a knife and that he would kill the two of [them] right then and there."

A bystander came forward and ordered that the Appellant "leave that woman and her child alone." At this point, the attendant unlocked the doors enabling Trad and Mrs. Staecker to enter the station. Two UPS employees also approached, shouting at the Appellant to "leave them alone." The Appellant then dropped the checkbook and fled behind a Waffle House restaurant.

The Appellant was found hiding behind the Waffle House where he was arrested. At the time police took him into custody, the Appellant was armed with "two knives and a putty knife." Even after his arrest, the Appellant continued with his threats to kill the Staeckers.

The Appellant's father, Donald Rhea, Sr., testified that the Appellant has had a drug and alcohol abuse problem since he was sixteen. Mr. Rhea, Sr., explained, however, that since the incident, the Appellant has made improvement. Indeed, Mr. Rhea, Sr., had not seen his son under the influence of either drugs or alcohol since his arrest on the instant charges. He further explained to the court that the Appellant "blacks out" on alcohol and needs treatment. On cross-examination, Mr. Rhea conceded that the Appellant was on probation for the offense of burglary of an automobile when he committed the instant crimes. He also admitted that the Appellant has had several alcohol related convictions.

The Appellant testified that since his arrest on the current charges, he had been "working regularly." He added that he has consumed alcohol, but only on one occasion. The Appellant explained that on the night of the instant offenses, he was extremely intoxicated and could not recall the events preceding his arrest. The Appellant admitted to the court that he needs help regarding his alcohol problem.

The pre-sentence report submitted to the court reveals that the twenty-six-year-old Appellant is a high school graduate and is employed as a painter. He is the father of two young children and resides with them and their mother, his girlfriend. The Appellant admits to having an alcohol

problem and the presentence report reflects that, in 1998, he completed a twenty-one day program at the Buffalo Valley treatment facility. The Appellant has a history of prior criminal convictions including burglary, assault, reckless endangerment, forgery, and numerous DUI and driving on suspended license convictions. Moreover, at the time the present offenses were committed, the Appellant was on probation for burglary of an automobile. This probated sentence was subsequently revoked. The court's imposition of consecutive sentences was based upon the Appellant's history of extensive criminal activity.

## Sentencing

The Appellant contends that the trial court erred in imposing consecutive sentences. Specifically, he asserts that the trial court failed to consider that "the aggregate sentence imposed should be no greater than that deserved for the offense committed and should be the least severe measure necessary to achieve the purpose for which the sentence is imposed." Accordingly, he avers that a sentence of nine years is beyond what would be deserved considering all of the facts and circumstances of this case.

This Court's review of the length, range, or manner of service of a sentence is *de novo* with a presumption that the determination made by the trial court is correct. Tenn. Code Ann. § 40-35-401(d) (1997). This presumption is only applicable if the record demonstrates that the trial court properly considered relevant sentencing principles. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). Notwithstanding, the burden is on the Appellant to show that the sentence imposed was improper. Id.; State v. Fletcher, 805 S.W.2d 785, 786 (Tenn. Crim. App. 1991); Sentencing Comm'n Comments, Tenn. Code Ann. § 40-35-401(d).

A trial court may order sentences to run consecutively if the court finds that one or more of the statutory criteria exists by a preponderance of the evidence. See Tenn. Code Ann. § 40-35-115(b) (1997). The trial court ordered consecutive sentences based upon its finding that the Appellant has an extensive record of criminal activity. See Tenn. Code Ann. § 40-35-115(b)(2). In addition to the finding of statutory criteria, the general principles of sentencing require that the trial court find that the length of the Appellant's sentence is "justly deserved in relation to the seriousness of the offense" and "should be no greater than that deserved for the offense committed." State v. Lane, 3 S.W.3d 456, 460 (Tenn. 1999) (citing Tenn. Code Ann. § 40-35-102(1) and Tenn. Code Ann. § 40-35-103(2)).

The Appellant's criminal history consists of thirteen prior convictions, nine of which occurred in the two years preceding the instant offenses. Thus, the record clearly supports the trial court's findings and the imposition of consecutive sentences. Moreover, although not found by the trial court, the record supports the finding of factor (6), "[t]he defendant is sentenced for an offense committed while on probation." See Tenn. Code Ann. § 40-35-115(b)(6). Accordingly, we conclude that the aggregate sentence of nine years was reasonably related to the seriousness of the offenses and was not greater than that deserved for commission of these offenses.

The judgment of the trial court is affirmed.

_____
DAVID G. HAYES, JUDGE